UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINT SMITH #457794** | **CIVIL ACTION** |
| **versus** | **NO. 07-9449** |
| **TERRY TERRELL, WARDEN,<br>ALLEN CORRECTIONAL CENTER** | **SECTION: "C" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Clint[2] Smith, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On August 14, 2002, he was convicted of two counts of theft in violation of La.Rev.Stat.Ann. § 14:67.[3] On August 20, 2002, he was sentenced to two consecutive terms of nine years imprisonment.[4] On December 30, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences,[5] and the Louisiana Supreme Court then denied petitioner's related writ applications on June 25, 2004.[6]

On or after December 21, 2004, petitioner filed with the state district court a motion requesting that the court order that his sentences be served concurrently.[7] That motion was denied on January 6, 2005.[8]

---

[2] In the state court record, petitioner's given name appears as both "Clint" and "Clent."

[3] State Rec., Vol. VI of VIII, transcript of August 14, 2002, p. 101; State Rec., Vol. II of VIII, minute entry dated August 14, 2002; State Rec., Vol. II of VIII, jury verdict form.

[4] State Rec., Vol. II of VIII, minute entry dated August 20, 2002.

[5] State v. Smith, 864 So.2d 811 (La. App. 5th Cir. 2003) (No. 03-KA-786); State Rec., Vol. II of VIII.

[6] State v. Smith, 876 So.2d 830 (La. 2004) (Nos. 2004-KO-0380 and 2004-KO-0419).

[7] State Rec., Vol. II of VIII. That motion was stamped as filed by the clerk of court on December 30, 2004. However, the United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's motion was dated December 21, 2004; therefore, that is the earliest date it may be considered "filed."

[8] State Rec., Vol. II of VIII, Order dated January 6, 2005.

While that motion was pending, petitioner, on or after January 4, 2005, filed with the state district court a motion for DNA testing.[9] That motion was denied on January 18, 2005.[10] He also filed another such motion on or after January 10, 2005;[11] that motion was denied on March 31, 2005.[12] While that second application was pending, petitioner, on or after February 4, 2005, filed with the state district court a motion for fingerprint testing.[13] That motion was denied on February 15, 2005.[14]

More than one year later, on or after June 15, 2006, petitioner filed with the state district court an application for post-conviction relief.[15] That application was denied on July 19, 2006.[16] Petitioner then filed related writ applications which were denied by the Louisiana Fifth

---

[9] State Rec., Vol. II of VIII. Petitioner signed the motion on January 4, 2005, and it was actually filed by the court on January 10, 2005.

[10] State Rec., Vol. II of VIII, Order dated January 18, 2005.

[11] State Rec., Vol. II of VIII. Petitioner signed the motion on January 10, 2005, and it was actually filed by the court on January 18, 2005.

[12] State Rec., Vol. III of VIII, Order dated March 31, 2005.

[13] State Rec., Vol. II of VIII. Petitioner signed the motion on February 4, 2005, and it was actually filed by the court on February 10, 2005.

[14] State Rec., Vol. II of VIII, Order dated February 15, 2005.

[15] State Rec., Vol. III of VIII. Petitioner signed the application on June 15, 2006, and it was actually filed by the court on June 28, 2006.

[16] State Rec., Vol. III of VIII, Order dated July 19, 2006.

Circuit Court of Appeal on September 6, 2006,[17] and the Louisiana Supreme Court on September 21, 2007.[18]

Thereafter, on November 20, 2007, petitioner filed the instant federal application for *habeas corpus* relief. The state contends that petitioner's federal application is untimely.[19] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[20]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on June 25, 2004. Therefore, under § 2244(d)(1)(A), his conviction became "final" ninety (90) days later, i.e. on September 23, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly,

---

[17] Smith v. State, No. 06-KH-648 (La. App. 5th Cir. Sept. 6, 2006); State Rec., Vol. III of VIII.

[18] State *ex rel.* Smith v. State, 964 So.2d 326 (La. 2007) (No. 2006-KH-2873); State Rec., Vol. III of VIII.

[19] Rec. Doc. 17.

[20] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on September 23, 2005, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant case, eighty-eight (88) days of the federal limitations period elapsed prior to being tolled on December 21, 2004, by petitioner's filing of his motion requesting that the court order that his sentences be served concurrently. While that motion was pending, petitioner began filing a number of overlapping motions for DNA and fingerprint testing. The state argues that those motions for testing do not qualify as applications for post-conviction relief or other collateral review so as to merit further tolling. That contention is questionable at best. See Hutson v. Quarterman, 508 F.3d 236 (5th Cir. 2007) (Texas inmate's application for post-conviction DNA testing tolled the AEDPA's limitations period). Therefore, out of an abundance of caution, the undersigned recommends that the limitations period in this case be tolled from December 21, 2004, the date on which petitioner's first post-conviction motion was filed, through May 2, 2005, the date of which his period expired for seeking review of the denial of the last of the overlapping motions. See Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Louisiana Uniform Rules of the Courts of Appeal Rule 4-3.[21] At that point, petitioner then had two-hundred-seventy-seven (277)

---

[21] The state district court denied the last of the overlapping motions on March 31, 2005. Pursuant to Rule 4-3, a writ application challenging that a judgment had to be filed within thirty days; however, because the thirtieth day in this case fell on a Saturday, petitioner had until the

days of the limitations period remaining, meaning that his federal limitations period expired on February 3, 2006, unless that deadline was again extended by additional tolling.

Petitioner had no state applications for post-conviction relief or other collateral review pending at any time during the period from May 3, 2005, through February 3, 2006. Accordingly, he clearly was not entitled to further statutory tolling.[22]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof

---

following Monday, May 2, 2005, to file his writ application. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[22] During that period, petitioner did file a motion relating to a public records request he had submitted for documents from the District Attorney's file. However, motions seeking documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Nevertheless, even if petitioner were given tolling credit for that motion, his federal application would still be untimely.

The Court also notes that petitioner filed a state post-conviction application on or after June 15, 2006. However, because that application was filed *after* the expiration of the statute of limitations, it can have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

The state contends that petitioner is not entitled to equitable tolling.[23]  Petitioner does not contest that contention, and he makes no request for equitable tolling or any effort to meet his burden to show that he is entitled to such tolling.  Nevertheless, out of an abundance of caution, the Court notes that there is one purported fact mentioned in passing on petitioner's application which could conceivably merit equitable tolling under some circumstances, although the undersigned finds that such tolling is not in fact warranted here for the following reasons.

The United States Fifth Circuit Court of Appeals has held that equitable tolling may be justified when a petitioner failed to receive notice of an adverse state court ruling.  Phillips v. Donnelly, 216 F.3d 508 (5th Cir.), *modified on partial reh'g on other grounds*, 223 F.3d 797 (5th Cir. 2000).  On his federal application, petitioner states that he did not timely receive a copy of the Louisiana Supreme Court's judgments on his direct review writ applications.[24]  Specifically, he alleges that he received letters from the Louisiana Supreme Court dated February 9 and 12, 2004, informing him that the writ applications had been received and filed.  Over a year later, on April 11, 2005, he wrote a letter to that court inquiring about the status of those applications.  When he received no response to that letter, he made no further inquiries.  However, while doing legal

---

[23] Rec. Doc. 17, pp. 11-12.

[24] Rec. Doc. 1, p. 3.

research more than another year later on May 5, 2006, he discovered for the first time that his applications had been denied on June 25, 2004.[25]

Even if the undersigned assumes that petitioner did not originally receive notice of the Louisiana Supreme Court's judgments as he alleges, the Court does not believe that the facts of the instant case are sufficiently analogous to those in Phillips so as to justify equitable tolling. While mindful that it "must be cautious not to apply the statute of limitations too harshly" and that dismissing a first *habeas* petition as untimely is a "particularly serious matter,"[26] this Court finds that equitable tolling is not warranted here in light of petitioner's lack of diligence.

In Phillips, the petitioner alleged that he did not receive timely notice of the denial of his state *habeas* petition. On February 5, 1997, Phillips had filed a state *habeas* application, which was denied on May 1, 1997. Phillips alleged that he did not receive notice of the denial until August 29, 1997, almost four months later. Upon receiving notice of the denial, however, he filed for an out-of-time appeal "with diligence and alacrity." The Fifth Circuit held that Phillips would be entitled to equitable tolling for the four months at issue if, upon remand, he could meet his burden to establish that he had not in fact received notice of the denial in a timely fashion. Phillips, 216 F.3d at 511. As is clear from those facts, Phillips dealt with relatively brief periods of time.

The same is not true in the instant case. After petitioner's writ applications were filed in February of 2004, he took no action to inquire into their status other than to write a single letter

---

[25] The specific facts recounted herein are taken from a federal application for a writ of mandamus filed by petitioner, a copy of which is attached to his instant federal *habeas corpus* application. See Rec. Doc.1, Attachment 1, p. 37 of 75.

[26] Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

to the Louisiana Supreme Court in April of 2005. When he received no response to that letter, he simply dropped the matter and made no further inquiries for more than another year.

It is clear that diligence is required of one desiring equitable tolling. See, e.g., Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Further, while this Court realizes that incarcerated persons face more obstacles than free citizens in making routine status checks on pending court matters, even prisoners are not absolved of *all* responsibility to track their litigation diligently. Accordingly, a *habeas* petitioner should not be allowed to avoid the AEDPA's statute of limitations indefinitely by making an unreasonable decision to forego even minimal efforts to check the status of his litigation with some regularity. In light of the relative brevity of the AEDPA's statute of limitations and the harsh consequences of filing after its expiration, it would seem that even the most lackadaisical prisoners would show enough concern to check the status of their pending matters with some degree of regularity. While it may be difficult to identify the *exact* point in time at which a petitioner's willingness to idly and unquestioningly wait for notification of a court's decision crosses the line from being reasonable to unreasonable, this Court has no hesitation in holding that some such point in time must exist and that this petitioner long exceeded it. See, e.g., Drew v. Department of Corrections, 297 F.3d 1278, 1288 (11th Cir. 2002) (a single letter after sixteen months to check the status of a filing was insufficient to show the diligence necessary to support equitable tolling); Lewis v. Cockrell, No. 00-50811, 2001 WL 1267701, at *3 (5th Cir. Oct. 15, 2001) (prisoner who waited two and one-half years to inquire about a filing's status did not act with the required diligence); Hicks v. Quarterman, Civ. Action No. H-06-2208, 2007 WL 79706, at *5 (S.D. Tex. Jan. 8, 2007) (lack of diligence where prisoner waited one year to make first inquiry about the status of a filing and another year to make the second inquiry); Scott v. Dretke, No.

3:05-CV-0609-H, 2006 WL 1831331, at *3 (N.D. Tex. June 29, 2006) (lack of diligence where prisoner waited ten months to inquire about the status of a filing); Jones v. Cockrell, No. Civ. A. 3:01-CV-0521M, 2002 WL 31298863, at *3 (N.D. Tex. Oct. 8, 2002) (lack of diligence where prisoner waited approximately one year to inquire about the status of a filing).

    Additionally, even after petitioner learned of the intermediate appellate court's judgment, he still did not pursue his remedies with diligence and alacrity. In Phillips, the petitioner filed for an out-of-time appeal within three days of receiving notice of the adverse judgment for which he had been waiting, and he filed his federal *habeas corpus* petitioner within one month of the denial of the out-of-time appeal. Phillips, 216 F.3d at 511. In the instant case, after supposedly first learning of the Louisiana Supreme Court decision on May 5, 2006, petitioner waited more than one month to file his state post-conviction application. Further, when the state post-conviction proceedings were concluded on September 21, 2007, he waited over two additional months to file his federal application. "[E]quity is not intended for those who sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted).

    For the foregoing reasons, the Court declines to equitably toll the running of the AEDPA's statute of limitations based on petitioner's alleged delay in receiving the decision of the Louisiana Supreme Court. Moreover, the Court knows of no other reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

    Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before February 3, 2006, in

order to be timely. Petitioner's federal application was not filed until November 20, 2007,[27] and it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Clint Smith be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of July, 2008.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[27] Petitioner signed his application on November 20, 2007. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).